UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALFONSO JACKSON, | ) | |
| | ) | **CV-N-05-0428-HDM(RAM)** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JACKIE CRAWFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____/ | | |

Plaintiff Jackson, a prisoner of the Nevada Department of Corrections (NDOC), has brought a civil action under 42 U.S.C. § 1983 in relation to a serious jaw injury he allegedly suffered after being punched in the face by another inmate, Michael Doakes, at the Southern Desert Correctional Center (SDCC).  According to Jackson, Doakes is a former professional boxer who was allowed to work in the prison as a boxing trainer by Sheryl Foster, the warden.  Jackson claims that, during a training session, Doakes intentionally stepped on his foot and punched him in the face, breaking his jaw.

The magistrate judge screened Jackson's initial civil rights complaint pursuant to 28 U.S.C. § 1915(e) and determined that Jackson failed to state a claim for which relief may be granted.  Docket #5.

The defect identified by the magistrate judge was that Jackson named only Foster as a defendant and failed to allege facts showing that she caused the alleged constitutional violation. *Id.* (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court must dismiss a case in which *in forma pauperis* status is granted, "if the allegation of poverty is untrue," or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915 when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.

*See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

Jackson was given leave to file an amended complaint, which he has now done. Docket #7. In his amended complaint, Jackson names Foster, Doakes, two SDCC correctional officers who were allegedly present when the injury occurred, and two medical personnel at High Desert State Prison (HDSP), where Jackson was sent for treatment. *Id*. Having reviewed the amended complaint pursuant to 28 U.S.C. § 1915(e), the court finds that Jackson has stated cognizable § 1983 claims against the SDCC correctional officers based on their alleged failure to protect and against the HDSP medical personnel based on their alleged failure to provide adequate medical treatment. *See Farmer v. Brennan*, 511 U.S. 825, 833-40 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

With respect to Doakes, Jackson alleges that the NDOC hired him to work as a boxing trainer at the prison. In light of the less stringent standards applicable to *pro se* litigants, this allegation is sufficient to establish that Doakes was acting under color of state law for the purpose of stating a § 1983 claim. *See*, *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *United States ex rel. Miller v. Twomey*, 479 F.2d 701, 719 (7th Cir. 1973). Thus, Jackson's § 1983 claim against Doakes, alleging excessive force, survives Rule 12(b)(6) screening. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

As for his claim against Foster, Jackson alleges in his amended complaint that she knowingly disregarded an excessive risk to

-3-

his safety by allowing an inmate who was a professional fighter to train other inmates in a boxing ring without adequate supervision. Viewed liberally, his allegations are sufficient to state a § 1983 claim based on the warden's Eighth Amendment duty to protect. *See Farmer*, *supra*. However, his other claim against Foster – i.e., that she violated the Excessive Fines Clause of the Eighth Amendment – is misguided.  The claim fails because that constitutional provision applies only to fines imposed as punishment; whereas, Jackson seeks relief based on the fact that he has been billed for medical costs. *See Wright v. Riveland*, 219 F.3d 905, 915 (9th Cir. 2000).

Lastly, Jackson makes reference in his amended complaint to the existence of a conspiracy among the defendants to violate his constitutional rights.  It is not clear whether this allegation was included as an alternative basis for imposing liability or, perhaps as a way to show that Doakes was acting under color of state law.  In either case, "[a] mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also*, *Price*, *supra*. Jackson has not met the heightened pleading standard that applies to conspiracy allegations.

In summary, Jackson has stated cognizable § 1983 claims, grounded in the Eighth Amendment, against each of the named defendants.  However, a portion of his amended complaint shall be dismissed for the reasons stated above.  In accordance with 28 U.S.C.

§ 1915(d), the court will assist Jackson with service of his amended complaint.

**IT IS THEREFORE ORDERED** that the portions of Count III of the plaintiff's amended complaint (docket #7) that allege a violation of the Eighth Amendment's Excessive Fines Clause and that allege a conspiracy to violate his constitutional rights are **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk shall **send** a courtesy copy of this order and the amended complaint (docket #7) to the Attorney General's Office of the State of Nevada, attention: Carol Sweeney. The Attorney General shall advise the court within twenty (20) days whether they can accept service of process for the named defendants. Counsel shall within sixty (60) days file an answer or otherwise respond to the complaint. If service cannot be accepted for any of these named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant. Plaintiff is advised that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date this order is entered.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendant(s) or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the

1 defendant(s) or counsel for the defendant(s).  The court may disregard
2 any paper received by a district judge or magistrate judge which has
3 not been filed with the Clerk, and any paper received by a district
4 judge, magistrate judge or the Clerk which fails to include a
5 certificate of service.

6       **IT IS FURTHER ORDERED** that plaintiff's "Ex Parte Motion For
7 Appointment Of Counsel" (docket #8) is **DENIED**.

8       Dated, this 14th day of November, 2005.

9
10                                         UNITED STATES DISTRICT JUDGE

-6-